UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cr-00185-TWP-DML-1 |
| ) | |
| DAVID DAY ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S REQUEST
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

This matter is before the Court on Defendant David Day's *pro se* Motion for Early Termination of Supervised Release (Dkt. 945). Both the U.S. Probation Office and the Government have filed responses to Defendant's request. (Dkt. 948, Dkt. 952). For the reasons stated below the Motion is **denied.**

**I.   DISCUSSION**

Mr. Day was sentenced on November 24, 2015, to 92 months' imprisonment, followed by three years of supervised release for Conspiracy to Commit Wire Fraud. (Dkt. 783.) The Court determined that he was an organizer or leader of the criminal activity that involved more than five participants. (Dkt. 851 at 14.) The offense of conviction involved at least 62 victims and resulted in a loss of $1,704,448.86. *Id*. On October 28, 2020, Mr. Day's term of imprisonment was modified to 57 months, the equivalent of time served, due to a Motion for Relief pursuant to 28 U.S.C. § 2255 filed on the offender's behalf. (Dkt. 937; Dkt. 938.) He subsequently began three years of supervised release on that date and is scheduled for termination in October 2023. Special conditions of supervision include search and seizure, financial disclosure, no new credit without permission, substance abuse treatment and testing, and restitution in the amount of $679,922.19.

1

Mr. Day contends that he satisfies all the factors set forth for early termination as he "has completed all his terms of supervision including payment of court fees and has no need for programming or treatment." (Dkt. 945 at 4.) He asserts that he never missed, nor was he late to any scheduled appointments with probation department. *Id*. He writes that he has exceled "as a productive and contributing member of the community", *id*., and early release will "enable him to better support his family and the community." *Id*. at 5.

The Probation Officer agrees that Mr. Day has completed drug treatment through the Bureau of Prisons, and has not had any positive drug tests while under post-conviction supervision. (Dkt. 948.) However, in October 2021, he discovered that Mr. Day had obtained new credit without permission. Mr. Day was verbally reprimanded, reminded of the condition concerning financial disclosure, and advised the probation officer would not consider an early termination request at that time due to his non-compliance. *Id*.

In regard to his restitution, the Probation Officer reports that while Mr. Day has paid consistently, his payments have been minimal rather than the ten percent of his gross monthly income as ordered by the Court. The Probation Officer declines to recommend early termination based on Mr. Day's current financial instability following a conviction for fraud, his minimal restitution payments, technical non-compliance by obtaining new credit without permission, his aggravated role as leader or organizer in extensive criminal behavior involving many victims and the large amount of financial loss.

The Government also opposes Mr. Day's request because of his aggravated role in the offense of conviction, to wit: fraud, concerning 62 victims. The Government points out that Mr. Day violated the terms of supervision when he obtained three new credit lines in October 2021 without seeking the prior permission of his probation officer. The Government argues that

concealment of that behavior is especially problematic and may present a danger to the public because the offense for which he is on supervision involves large-scale financial fraud. In light of these factors and because Mr. Day has made only minimal payments towards restitution, the Government argues that Mr. Day would benefit from continued supervision.

Pursuant to 18 U.S.C. § 3583, in its discretion, a court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, it finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court need not make explicit findings on each of the relevant factors, but the record must reveal that the court gave consideration to the § 3553(a) factors. *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011).

The Court commends Mr. Day on remaining compliant with the conditions of his release, maintaining a stable residence and employment, and consistently testing negative for illegal substances, and the Court encourages him to continue with the positive steps he has taken. However, the Court intentionally sentenced Mr. Day to three years of supervision to aid in his rehabilitation and transition back into the community. In addition, the Court gives great weight to the recommendation of the supervising probation officer, as the supervising officer is privy to relevant factors concerning an offender under supervision. Here, the probation officer does not recommend early termination. The Court has considered the factors set forth in § 3553(a), including the aggravated nature and circumstances of the offense, Mr. Day's criminal history, his characteristics, the need to provide restitution to any victims of the offense, the need to impose just punishment, and deter others. *See* 18 U.S.C. § 3583(e). In its discretion, the Court concludes that under the circumstances here, early termination of supervised release (so that he can better support his family and the community) is not warranted in the interest of justice.

## II. CONCLUSION

For the reasons set forth above, Mr. Day's Motion for Early Termination of Supervised Release, Dkt. [945], is **DENIED.**

**SO ORDERED.**

Date:   1/18/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Caroline Anne Flynn
LATHAM & WATKINS LLP
caroline.flynn@lw.com

John Michael Schwartz
jschwartz2288.js@gmail.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

Samantha Spiro
DOJ-USAO
samantha.spiro@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Distribution via U.S. mail:

David Day
4214 Par Drive
Indianapolis, Indiana  46268